**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SEAN GRANT, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **CASE NO. 6:25-CV-00039-ADA-DNM** |
| WILLIAMS TOWING & RECOVERY | § | |
| LLC AND HWY 195 USED AUTO | § | |
| PARTS, INC. D/B/A NEW 2 YOU AUTO | § | |
| SALES, | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE
JUDGE REGARDING PLAINTIFF'S PARTIAL MOTION FOR SUMMARY
JUDGMENT (LIABILITY) [DKT. NO. 27]**

**TO:    THE HONORABLE JUDGE ALAN D. ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Sean Grant's Partial Motion for Summary Judgment against Williams Towing & Recovery LLC and Hwy 195 Used Auto Parts, Inc. d/b/a New 2 You Auto Sales. Dkt. No. 27. The Court held a hearing on the Motion on February 6, 2026. Having considered the Motion, the response, and the reply, the Court **RECOMMENDS** that the Motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.        BACKGROUND**

Grant was an active-duty member of the military stationed at Fort Cavazos, Texas. He deployed to Korea in February of 2024. Dkt. No. 27 at 3. Grant left his car parked at Fort

Cavazos when he deployed. Dkt. No. 14 at 10. On July 8, 2024, Williams Towing towed Grant's vehicle from Fort Cavazos. *Id.* at 11. It stored the vehicle at its business location. On August 29, 2024, Williams Towing sold Grant's vehicle to New 2 You for $1,500. Dkt. No. 27 at 9. Also on August 29, 2024, New 2 You applied for and eventually obtained a title to Grant's vehicle. *Id.* at 10. New 2 You subsequently sold Grant's vehicle for $8,800. *Id.* at 9, Ex. 6.

Grant seeks summary judgment as to liability against Williams Towing and New 2 You. Grant asserts that Williams Towing acted in clear violation of 50 U.S.C. § 3958 because Grant was a servicemember performing a period of military service and Williams Towing foreclosed on a storage lien against Grant without a court order. Dkt. No. 27 at 1-2. Grant further argues that New 2 You purchased an interest in the storage facility lien from Williams Towing and both parties jointly foreclosed on the lien by obtaining title. *Id*. Grant argues that this act rendered New 2 You as a person holding a lien under the SCRA and created liability. *Id*. Moreover, Grant contends that both Williams Towing and New 2 You are liable based on negligence per se due to the SCRA violations.

New 2 You claims that it never held any lien on Grant's vehicle, nor participated in the foreclosure process. Dkt. 31 at 2-3, Ex. 2 at 10. It further asserts that there is neither statutory support nor common law backing to assert that New 2 You had a duty to Grant under the SCRA and that it violated that duty. *Id.* at 7.

Grant filed his original complaint on February 5, 2025. Dkt. No. 1. On March 18, 2025, Williams Towing answered. Dkt. No. 4. On July 8, 2025, Grant filed his first amended complaint. Dkt. No. 14. Williams Towing responded on August 14, 2025. Dkt. No. 24. On December 10, 2025, Grant filed his Motion for Summary Judgment (Partial as to Liability). Dkt. No. 27. While New 2 You responded on December 31, 2025, Williams Towing did not respond to

the Motion. Dkt. No. 31. The Court held a hearing on February 6, 2026. Williams Towing did not make an appearance at the hearing.

## II.  APPLICABLE LAW

At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. FED. R. CIV. P. 56(c). The Supreme Court has emphasized that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986).

A court should not grant summary judgment merely because no response was filed. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); *Simmons v. Vanguard Res. Inc.*, No. 5:19-CV-0848-JKP, 2020 U.S. Dist. LEXIS 146711, 2020 WL 4738949, at *2 (W.D. Tex. Aug. 14, 2020). Federal Rule of Civil Procedure 56(e) sets out various discretionary options that courts may utilize when any party "fails to properly address another party's assertion of fact as required by Rule 56(c)," including giving an opportunity to properly support or address the fact, considering "the fact undisputed for purposes of the motion" or granting "summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

### A.  The Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act (SCRA) provides temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. 50 U.S.C. § 3902. Under 50 U.S.C. § 3958, a "person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement." 50 U.S.C. § 3958(a)(1). The plain text of the SCRA makes it clear that a lien against an active servicemember may be foreclosed only if judicial proceedings are undertaken and a court order is issued. Consequently, a lienholder is generally prohibited from foreclosing on a lien without judicial review against property owned by a service member if that member is deployed overseas.

### B. Texas Secured Transactions Law

Under Texas Civil Practice & Remedies § 12.001, a "lien" is defined as a "claim in property for the payment of a debt and includes a security interest." TEX. CIV. PRAC. & REM. § 12.001(3). The Texas Business and Commerce Code defines a secured party as "(A) a person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding; (B) a person that holds an agricultural lien; (C) a consignor; (D) a person to which accounts, chattel paper, payment intangibles, or promissory notes have been sold; (E) a trustee, indenture trustee, agent, collateral agent, or other representative in whose favor a security interest or agricultural lien is created or provided for; or (F) a person that holds a security interest arising under Section 2.401, 2.505, 2.711(c), 2A.508(e), 4.210, or 5.118." TEX. BUS. & COM. CODE § 9.102(a)(73)(A-F).

At issue in this case is a vehicle storage lien. Dkt. No. 27, Ex. 5. Under the Texas Property Code § 70.003(c), "[a] garageman with whom a motor vehicle, motorboat, vessel, or outboard motor is left for care has a lien on the motor vehicle, motorboat, vessel, or outboard motor for the amount of the charges for the care, including reasonable charges for towing the motor vehicle, motorboat, vessel, or outboard motor to the garageman's place of business and excluding charges for repairs." TEX. PROP. CODE § 70.003. Texas law requires a vehicle storage facility operator receiving a vehicle registered in Texas and towed to the facility for storage to send two notices to the owner and any lienholders. TEX. OCC. CODE § 2303.151. The second of these notices advises recipients that failure to claim the vehicle is a waiver of all right, title, or interest in the vehicle and consent to public sale. TEX. OCC. CODE § 2303.154.

To attain good faith purchaser status under TEX. BUS. & COMM. CODE ANN. § 2.403, a party must be: (1) a purchaser, (2) that gave value, and (3) that acted in good faith. Good faith purchaser status under section 2.403 does not require absence of knowledge of third-party claims and on this ground the UCC deviates from the common law. *In re Samuels & Co.*, 526 F.2d 1238, 1243–44 (5th Cir.1976); *Rogers v. Ricane Enters.*, 930 S.W.2d 157, 175 (Tex.App.-Amarillo 1996, writ denied). Under section 1.201, "good faith" consists of honesty in fact and the observance of reasonable commercial standards of fair dealing. TEX. BUS. & COMM CODE § 1.201(b)(20). The standard incorporates both subjective honesty and objective commercial reasonableness components. *Id.,* § 1.201, Official UCC Comment § 20 (Vernon Supp.2008). "Fair dealing" focuses on the fairness of conduct and not the care exercised in performance. *Id*.

Similarly, the Fifth Circuit has ruled that a "good faith purchaser" is "one who purchases the assets for value, in good faith, and without notice of adverse claims." *Hardage v. Herring Nat'l Bank*, 837 F.2d 1319, 1323 (5th Cir.1988) (quoting *In re Willemain*, 764 F.2d 1019, 1023

(4th Cir.1985)). Moreover, "knowledge of an adverse claim requires something more" than "[h]aving knowledge that there are objections to the transaction" that a party is trying to get reversed in a district or appeals court. *TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.)*, 764 F.3d 512, 515 (5th Cir. 2014) (quoting *In re EDC Holding Co.*, 676 F.2d 945, 947 (7th Cir.1982)). The "misconduct that would destroy a purchaser's good faith status . . . involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Bleaufontaine*, Inc., 634 F.2d 1383, 1388 n.7 (5th Cir. Unit B Jan. 1981) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)).

### C.  Negligence Per Se

Negligence *per se* is a "tort concept whereby the civil courts adopt a legislatively imposed standard of conduct as defining the conduct of a reasonably prudent person." *Lopez-Juarez v. Kelly*, 348 S.W.3d 10, 27 (Tex. App.—Texarkana 2011, pet. denied). "To establish negligence *per se*, a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Id.* If a "statute incorporates the ordinarily prudent person standard, negligence *per se* does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of care." *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.—Texarkana 2002, pet. denied).

### III.    ANALYSIS

At issue in the present case is a vehicle storage lien, which Grant claims Williams Towing foreclosed upon in violation of the SCRA. Grant asserts that in purchasing the vehicle, New 2

You also became a secured party in violation of the statute. Grant further alleges that both Williams Towing and New 2 You are liable under the SCRA and for negligence per se because they failed to check Grant's military status before Williams Towing seized and foreclosed upon the vehicle and before completing the subsequent sale. Although New 2 You responded to Grant's Motion for Summary Judgment, Williams Towing did not respond, which means Williams Towing does not dispute any of the facts that alleged by Grant.

### A. New 2 You is not a lienholder under Texas law and is a good faith purchaser

When construing the facts as alleged by Grant in the light most favorable to Williams Towing, it is clear Williams Towing violated the SCRA's prohibition against non-judicial foreclosures of liens against active-duty service members when it foreclosed on its vehicle storage lien against Grant. By foreclosing on the lien without a judicial proceeding, Williams Towing plainly violated the SCRA protections under 50 U.S.C. § 3958 provided to Grant by the statute.

At the same time, the facts as alleged by Grant do not support its claim that New 2 You was a secured party and thus a lienholder as to Grant or his vehicle. As alleged by Grant, the facts establish that only Williams Towing had a lien because it towed and stored Grant's vehicle. Dkt. No. 27, Ex. 5. Grant incurred a debt to Williams Towing for the towing and storage fees as is generally permitted under TEX. PROP. CODE § 70.003. The debt, however, was only held by Williams Towing. It was not held by New 2 You. No lien was transferred to New 2 You. Grant owed no debt to New 2 You, and did not have any property that secured any debt that might be owed to New 2 You. Consequently, New 2 You was not a secured party and not a lienholder under TEX. BUS. & COM. CODE § 9.102(a)(73)(A-F), so it never held a lien that it could foreclose as to Grant.

Grant argues that the SCRA must be liberally construed to protect servicemembers' interests. *Citing Boone v. Lightner*, 319 U.S. 561, 575 (1943). However, the Supreme Court has generally rejected this broad and sweeping interpretation of the statute, and nothing in the statute's texts suggests that bona fide purchasers should be held liable for the source of a good they purchase. *See Rudisill v. McDonough*, 601 U.S. 294, 315-17, 144 S. Ct. 945, 959-60 (2024).

As New 2 You's representative testified during deposition, New 2 You had no involvement in the lien process, nor in the foreclosure process. Dkt. No. 27, Ex. 9. To the extent it did enter into the transactional chain, it was only as a subsequent purchaser of the vehicle. That involvement does not impose any duty on New 2 You because the lien sale of a vehicle does not automatically convert the buyer into a lienholder or a secured party. *See In re Cox*, 179 B.R. 495, 499 (Bankr. N.D. Tex. 1995). Under the facts as alleged, nothing suggests that New 2 You was either a lienholder or acting as anything but a good faith purchaser. Therefore, New 2 You is not a "person holding a lien" under 50 U.S.C. § 3958. It held no lien it could foreclose upon and did not foreclose upon any lien as required to support a claim under the SCRA.

### B. The SCRA imposes no duty upon New 2 You to check military status as a bona fide purchaser

The negligence per se claim against New 2 You fails for a similar reason. Because the SCRA does not impose a statutory duty upon bona fide purchasers to track the chain of ownership and cross-check military status, it cannot be said that New 2 You violated any SCRA duty. Subsequently, because New 2 You did not violate any duty owed to Grant under the SCRA, it did not commit negligence per se when it sold the vehicle.

Grant asks this Court to impose a duty on New 2 You to investigate a vehicle's title history to determine if it was ever owned by a servicemember, to not purchase, to not sell a vehicle that may have been owned by a service member, and to make sure the vehicle was not

wrongly foreclosed on under the SCRA. In doing so, Grant is asking the Court recognize a duty that no other court has established. Indeed, the SCRA even mentions protections for bona fide purchasers under § 3931, which states "[i]f a court vacates, sets aside, or reverses a default judgment against a servicemember … that action shall not impair a right or title acquired by a bona fide purchaser for value under the default judgment." 50 USCS § 3931. Consequently, good faith purchasers are protected under the SCRA. It is apparent that that Congress, in enacting the SCRA, did not intend to extend a duty to third-party good faith purchasers to ensure the goods they purchased were not previously owned by a servicemember and potentially subject to a wrongful foreclosure under the SCRA. Those duties clearly lay only on the lienholder under 50 U.S.C. § 3958, which is Williams Towing.

## IV.    CONCLUSION

The uncontested facts show that Williams Towing did tow a vehicle owned by a servicemember while that service member was deployed overseas, and that Williams towing then wrongfully foreclosed upon its storage lien. Conversely, these same undisputed facts demonstrate that New 2 You was not a secured party and thus had to no lien it could foreclose upon as to Grant or his vehicle. Moreover, the undisputed facts construed in favor of the non-movant support the position that New 2 You was a good faith purchaser. Accordingly, the Court **RECOMMENDS** that Grant's Motion for Summary Judgment as to Williams Towing be **GRANTED** and that Grant's Motion for Summary Judgment as to New 2 You be **DENIED**.

## V.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general

objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 27th day of February, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE